

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2006

# Rivera v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rivera v. Fed Bur Prisons" (2006). *2006 Decisions.* Paper 548.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/548

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**BPS-269**
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1985
_____

HECTOR RIVERA,
Appellant

v.

THE FEDERAL BUREAU OF PRISONS; HARVEY LAPPINS,
in his official capacity as Director of The
Bureau of Prisons; JOHN NASH, in his official
capacity as Warden of FCI Fort Dix, New Jersey
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-05893)
District Judge: Honorable Freda L. Wolfson
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed: August 30, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Hector Rivera, a prisoner at the Federal Correctional Institution at Fort Dix, New Jersey, appeals from the District Court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Rivera alleges that prison officials have improperly denied his requests to transfer to the Metropolitan Correctional Center, a facility in which he used to be located which is located close to his mother's residence in New York. Specifically, he claims that his mother's poor health prevents her from traveling the significant distance to Fort Dix, and whereas she made weekly visits while Rivera was at MCC, she has not been able to visit him since his transfer to Fort Dix in late 2002.[1]

Rivera's claims are based on two provisions within the Bureau of Prison's "Program Statement." The first, P.S. 5100.07, states that

> Redesignations between same security level institutions are discouraged, except for CIM purposes, closer to home purposes, or other unusual circumstances. A "nearer to release" transfer should be incorporated with "lesser security" transfers whenever possible. Once the inmate has been transferred within 500 miles of his or her release residence, no further referrals should be made as a "nearer to release" transfer consideration.

Petition at Exhibit 4. Rivera contends that his situation amounts to the "unusual circumstances" referenced in the Statement, and that accordingly, he is entitled to be

_____

[1] We note that in its opinion the District Court expresses skepticism about the existence and nature of Rivera's mother's health problems and the extent of their impact on her ability to visit him. Such suspicion is not warranted in light of the significant amount of evidence of both attached to the petition.

2

transferred. Rivera also argues that officials have not conducted a proper evaluation under the guideline because despite his clear requests to be considered under the "unusual circumstances" language, they have interpreted his request as one to transfer nearer to the place of his release, and repeatedly denied because he is already located within 500 miles of New York City.

Rivera also claims the transfer denials violate P.S. 5267.07, which describes the "purpose and scope" of the Bureau of Prisons' visiting regulations: "The Bureau of Prisons encourages visiting by family, friends, and community groups to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community." Petition at Exhibit 2.

While we are sympathetic to Rivera's difficult situation, we must summarily affirm the District Court's judgment.[2] Prisoners do not have a liberty interest in being assigned to the facility of their choice. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). To the extent that a "right" to visitation exists via the right to association, this entitlement is limited by prison officials' judgment in furthering penological goals. See Overton v. Bazzetta, 539 U.S. 125, 131-32 (2003). Nor does the language of the Program Statement provisions create a cognizable liberty interest. See, e.g., Sandin v. Connor, 515 U.S. 472, 481-84 (1995); Torres v.

_____

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal reasoning for dismissing the petition. See Cradle v. U.S. ex. rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

3

Fauver, 292 F.3d 141, 151 (3d Cir. 2002).

As provided in 18 U.S.C. § 3621(b), the Bureau of Prisons is charged with the responsibility of designating the place of a prisoner's imprisonment. The Program Statement provisions are promulgated pursuant to this authority. In light of Rivera's lack of liberty interest in being entitled to a particular transfer, we must decline to supervise "the day-to-day functioning of state prisons . . . and discretionary decisions that are not the business of federal judges." Meachum, 427 U.S. at 228-29.

Accordingly, we will affirm the order of the District Court.